UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE MCKEEVER, on behalf of herself and all others similarly situated, )<br>)<br>) | |
| Plaintiff, )<br>) | Judge |
| v. )<br>) | Case No. |
| MAM ENTERPRISES, LLC, d/b/a ALWAYS BEST CARE )<br>)<br>) | |
| Defendant. )<br>) | |

**COMPLAINT**

Plaintiff Julie McKeever, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendant MAM Enterprises LLC, d/b/a Always Best Care ("MAM" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., for Defendant's failure to pay Plaintiff and other caregivers minimum wages and overtime wages.

2. Defendant is in the business of providing home health care and companionship care services to patients in Illinois.

3. Plaintiff and persons similarly situated to her are current and former caregivers who were employed by MAM and who were responsible for providing companionship services for elderly or infirm individuals in their homes.

4. Defendant paid Plaintiff a day rate for the work she performed for Defendant.

5. Defendant occasionally paid Plaintiff an hourly rate for work she performed for Defendant.

6. In one or more work weeks during the last three years, Plaintiff worked more than forty (40) hours for Defendant in individual work weeks.

7. For example, Plaintiff worked eight days in the pay period between December 10, 2016 and December 25, 2016. See Exhibit A.

8. During the pay period ending December 25, 2016, Plaintiff worked eight 24-hour shifts in the home of Defendant's client.

9. Plaintiff worked more than forty (40) hours in the work weeks ending December 17, 2016 and December 25, 2016.

10. Defendant paid Plaintiff a day rate of $140 for each 24-hour shift she worked in the pay period between December 17, 2016 and December 25, 2016. See Exhibit A.

11. Defendant did not pay Plaintiff the applicable minimum wage rate for all hours worked during the pay period ending December 25, 2016.

12. Defendant did not pay Plaintiff any overtime wages for the overtime hours she worked between December 17, 2016 and December 25, 2016.

13. In individual work weeks during the prior three (3) years, other caregivers were required to work 24-hour shifts in the homes of Defendant's clients.

14. Defendant paid other caregivers a day rate for the 24-hour shifts they worked in the homes of Defendant's clients.

15. In individual work weeks during the prior three (3) years, Defendant did not pay other caregivers at least the minimum wage rate for all hours worked during the pay period.

16. In individual work weeks during the prior three (3) years, other caregivers worked more than forty (40) hours per week for Defendant without the payment of any overtime wages for the time they worked in excess of forty (40) hours a week.

17. Plaintiff was entitled under the FLSA to be paid at least the applicable minimum wage for all hours worked for Defendant during each pay period.

18. Plaintiff was entitled under the FLSA to be paid at least one and one-half times the greater of the applicable minimum wage or her regular rate of pay for the time she worked for Defendant in excess of forty (40) hours a week.

19. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

20. Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

21. Other caregivers were entitled under the FLSA to be paid at least the applicable minimum wage for all hours worked for Defendant during each pay period.

22. Other caregivers were entitled under the FLSA to be paid at least one and one-half times the greater of the applicable minimum wage or their regular rate of pay for their time worked for Defendant in excess of forty (40) hours a week.

23. Other caregivers were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

24. Other caregivers were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

25. Plaintiff was entitled under the IMWL to be paid at least the applicable minimum wage for all hours worked for Defendant during each pay period.

26. Plaintiff was entitled under the IMWL to be paid one and one-half times the greater of the applicable minimum wage or her regular rate of pay for the time she worked in excess of forty (40) hours a week.

27. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS 105/4.

28. Plaintiff was not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

29. Defendant's failure to pay minimum wages to Plaintiff and other caregivers violated the provisions of Section 6 of the FLSA.

30. Defendant's failure to pay overtime wages to Plaintiff and other caregivers violated the overtime provisions of Section 7 of the FLSA.

31. Defendant's failure to pay minimum wages to Plaintiff violated the provisions of Section 105/4 of the IMWL.

32. Defendant's failure to pay overtime wages to Plaintiff violated the overtime provisions of Section 105/4a of the IMWL.

33. Plaintiff brings her FLSA claims as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit B.

**THE PARTIES**

34. Plaintiff Julie McKeever resides in and is domiciled in Bridgeview, Illinois, within this judicial district.

35. Plaintiff worked for Defendant from approximately July 2013 through October 2015, and from approximately September 2016 through December 2016.

36. During her employment with Defendant, Plaintiff traveled to the homes of Defendant's clients located within the metropolitan Chicago area.

37. Defendant MAM Enterprises, Inc. d/b/a Always Best Care is an Illinois corporation with its principal place of business located in Palos Park, Illinois, within this judicial district.

38. Defendant MAM does business within this judicial district.

39. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(d).

40. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(d).

41. Defendant MAM was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

42. Defendant MAM was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

43. Defendant MAM is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

44. Defendant MAM's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**JURISDICTION AND VENUE**

45. This Court has jurisdiction over Plaintiff's FLSA claims, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

46. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

47. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint.

48. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff and other caregivers applicable minimum wages.

49. Plaintiff was directed by Defendant to work, and did work, 24-hour shifts in the homes of Defendant's clients.

50. Defendant paid Plaintiff a daily rate for these 24-hour shifts that varied between $130 and $147 per day.

51. During these 24-hour shifts, Plaintiff's sleep was regularly interrupted by Defendant's clients, and Plaintiff did not receive at least five (5) hours of uninterrupted sleep time during one or more of her shifts.

52. During one or more shifts during the last three years, the day rate paid by Defendant divided by the number of hours Plaintiff was required to work did not equal the applicable minimum wage.

53. Other caregivers were directed by Defendant to work, and did work, 24-hour shifts in the homes of Defendant's clients.

54. Defendant paid other caregivers on a day-rate basis for these 24-hour shifts.

55. Other caregivers did not receive at least five (5) hours of uninterrupted sleep time during one or more of their 24-hour shifts.

56. During one or more shifts during the last three years, the day rate Defendant paid to other caregivers divided by the number of hours other caregivers were required to work did not equal the applicable minimum wage.

57. Defendant's failure to pay Plaintiff at least the applicable minimum wage violated § 206 of the FLSA.

58. Defendant's failure to pay other caregivers at least the applicable minimum wage violated § 206 of the FLSA.

59. Defendant willfully violated the FLSA by failing to pay Plaintiff and other caregivers at least the minimum wage for all hours worked.

60. Plaintiff and other caregivers are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendant as follows:

A. A judgment in the amount of the difference between the full applicable minimum wage and the wages Plaintiff and other caregivers were paid for all hours worked during the last three years;

B. Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Plaintiff, individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 60 of this Complaint.

61. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/4, for its failure to pay Plaintiff applicable minimum wages.

62. Plaintiff was directed by Defendant to work, and did work, 24-hour shifts in the homes of Defendant's clients.

63. Defendant paid Plaintiff a daily rate for these 24-hour shifts that varied between $130 and $147 per day.

64. During these 24-hour shifts, Plaintiff's sleep was regularly interrupted by Defendant's clients, and Plaintiff did not receive at least five (5) hours of uninterrupted sleep time.

65. During the last three years, the day rate paid by Defendant divided by the number of hours Plaintiff was required to work did not equal the applicable minimum wage rate during one or more of Plaintiff's shifts.

66. Defendant's failure to pay Plaintiff at least the applicable minimum wage violated Section 105/4 of the IMWL.

67. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayment.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A judgment in the amount of the difference between the full applicable minimum wage and the wages Plaintiff was paid for all hours worked during the last three years;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.  Such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 67 of this Complaint.

68. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiff and other caregivers.

69. Plaintiff was directed by Defendant to work, and she did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

70. Other caregivers were directed by Defendant to work, and did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

71. Plaintiff was entitled to be paid overtime wages at the rate of one and one-half times the greater of the applicable minimum wage rate or her regular rate of pay for the time she worked in excess of forty (40) hours per week.

72. Other similarly-situated caregivers were entitled to be paid overtime wages at the rate one and one-half times the greater of the applicable minimum wage or their regular rate of pay for time they worked in excess of forty (40) hours per week.

73. Defendant did not pay Plaintiff any overtime wages for the time she worked in excess of forty (40) hours per week.

74. Defendant did not pay other caregivers overtime wages for the time they worked in excess of forty (40) hours per week.

75. Defendant's failure to pay Plaintiff overtime wages at a rate of one and half times the greater of the applicable minimum wage or her regular rate of pay for time she worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

9

76. Defendant's failure to pay other caregivers overtime wages at a rate of one and half times the greater of the applicable minimum wage or their regular rate of pay for the time they worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

77. Defendant willfully violated the FLSA by failing to pay Plaintiff and caregivers overtime wages for the time they worked in excess of forty (40) hours per week.

78. Plaintiff and other caregivers are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendant as follows:

A. A judgment in the amount of one-half times the greater of the applicable minimum wage or the regular rate at which Plaintiff and similarly situated persons were paid for all time they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff, individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 78 of this Complaint.

79. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff her earned overtime pay for time worked in excess of forty (40) hours in individual work weeks.

80. Plaintiff is a former caregiver who worked for Defendant in Illinois and who was not paid all of her earned overtime pay by Defendant.

81. In one or more work weeks during the prior three years, Defendant required Plaintiff to work in excess of forty (40) hours per week and did not pay Plaintiff overtime wages.

82. Defendant's failure to pay Plaintiff overtime pay for the time she worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

83. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayment.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. Such other and further relief as this Court deems just and proper.

Dated: July 28, 2017

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Steven P. Schneck (sschneck@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008